UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>SOLOMON JALLOH, AKA "SULIMAN JALLOH,"<br><br>      Defendant. | Case No.: SACR 15-00129-CJC<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE BOND |

The Government's motion to revoke Defendant's bond is **GRANTED.** Under 18 U.S.C. § 3148(b), in order to grant the Government's motion the Court must first find that either (1) there is probable cause to believe that Defendant has committed a crime while on release, or (2) there is clear and convincing evidence that Defendant violated a condition

of release.  If either of these two are satisfied, the Court must turn to the second part of the analysis and find either (1) that there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the community, or (2) that Defendant is unlikely to abide by any condition or combination of conditions of release. The Court finds that the Government has provided sufficient evidence to satisfy the elements of 18 U.S.C. § 3148(b).

On October 21, 2015, Defendant was charged with seven counts of wire fraud in violation of 18 U.S.C. § 1343 for making fraudulent statements and material omissions to induce investors to invest in a purported investment fund and trading program that Defendant managed.  (Dkt. 1.)  For this crime, Defendant faces fines or imprisonment not to exceed twenty years, or both.

At his post-indictment arraignment hearing held on November 2, 2015, the Honorable Douglas F. McCormick released Defendant on a $15,000 unsecured appearance bond, ordered that Defendant be supervised by Pretrial Services Agency ("PSA"), and further conditioned the release by requiring that Defendant "not participate in the solicitation of funds without PSA approval."  (Dkt. 6.)

Regarding the first part of the analysis under 18 U.S.C. § 3148(b), there is both probable cause to believe that Defendant violated a crime while on release and clear and convincing evidence that Defendant violated a condition of release. First, the Government has presented evidence

demonstrating probable cause to believe that Defendant has committed additional acts of wire fraud, a federal felony. Specifically, on or about July 18, 2016, the Federal Bureau of Investigation interviewed a Keith Hale of California, who asked a friend to wire $15,000 to Defendant on Mr. Hale's behalf around May 19, 2016. (Dkt. 21-1.) Defendant promised Mr. Hale he would double his investment in two weeks through Defendant's automated trading platform. (*Id.*) To date, Mr. Hale has not received any money back from his investment. (*Id.*) Defendant did not have PSA approval to engage in this solicitation. (Dkt. 21 at 3.)

Second, the Government has also presented clear and convincing evidence that Defendant violated his pretrial release conditions. Not only did Defendant solicit funds from Mr. Hale without PSA approval, but he held himself out as a licensed trader to persuade potential investors to open brokerage and mutual fund accounts with him. In that regard, the Government provided clear and convincing evidence that Defendant provided Mr. Hale with a purported Citibank phone number to verify the assets he claims to manage, and distributed a fake balance sheet showing assets of approximately $59 million. (Dkt. 21-2; Dkt. 21-3.)

Regarding the second part of the analysis under 18 U.S.C. § 3148(b), there is no condition or set of conditions that will assure Defendant is no further danger to the community and Defendant is also unlikely to abide by any set of conditions on release. First, the evidence presented shows that Defendant will continue to be a danger

to the community despite any possible pretrial conditions. In addition to Defendant's solicitation of Mr. Hale, the Government has presented evidence that in or around June 2015, prior to Defendant being placed under PSA supervision, a Brian Richardson invested approximately $7,000 with Defendant.  (Dkt. 24-1.)  Mr. Richardson also has not received any money back on the investment.  (*Id.*) While under PSA supervision Defendant has continued to provide false financial statements and promises to Mr. Richardson regarding his investment.  (Dkt. 24-1; Dkt. 25-1; Dkt. 25-2; Dkt. 25-3.)  Additionally, as recently as September 7, 2016, Defendant contacted Mr. Richardson via text message to confront him about his cooperation with law enforcement.  (Dkt. 25-1.)  The text message includes a troubling comment: "Wow smh[1] that don't get you money bruh." (*Id.*)  Defendant's communications with Mr. Hale and Mr. Richardson show that he is a serious economic danger to the community.  Simply stated, he repeatedly targets individuals and then defrauds them out of their money.

    Second, Defendant's conduct has also demonstrated that he is unlikely to abide by any condition or combination of conditions of release.  Despite facing imprisonment of up to twenty years if convicted of the underlying charges, Defendant brazenly continued his fraudulent behavior in violation and complete disregard of the conditions of his

---

[1] "Smh" is an internet slang acronym for "shaking my head."  *SMH*, URBAN DICTIONARY (Sept. 13, 2016, 12:55:00 PM), http://www.urbandictionary.com/define.php?term=smh.

release and promises to the Court.  Defendant's actions clearly demonstrate that he cannot be trusted to abide by his conditions of release again.

IT IS THEREFORE ORDERED that Defendant's bond be revoked and that he be detained prior to trial.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that Defendant be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED:   September 13, 2016

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE